IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


THOMAS DAVIS, BZ-9982,        )
     Petitioner,            )
                              )
         v.               )  2:14-cv-1387
                              )
WARDEN, S.C.I., MERCER,       )
     Respondent.          )


MEMORANDUM and ORDER

Mitchell, M.J.:

Thomas Davis an inmate at the State Correctional Institution at Mercer has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. Davis is presently serving a fourteen to twenty-eight year sentence imposed following his convictions in the Court of Common Pleas of Allegheny County, Pennsylvania at Nos. CC198904099, CC198904606 and CC199100184. This sentence was imposed on January 14, 1992.[1]

The instant petition was executed on October 8, 2014. However, this is not Davis's first attempt to challenge this conviction. In fact, it appears to be the eighth time such an effort has been made. His last challenge was filed at 2:14-cv-271 and transferred to the Court of Appeals for consideration as a successive petition. On April 16, 2014 leave to file a successive petition was denied. In his eighth petition, Davis again challenges his conviction on double jeopardy grounds.

The Antiterrorism and Effective Death Penalty Act, signed into law on April 24, 1996, includes several major reforms to the federal habeas corpus laws. As part of this habeas corpus reform, Congress amended 28 U.S.C.§ 2244 to prohibit district courts from entertaining claims presented in a second or successive habeas corpus application unless the appropriate federal court of appeals authorizes such filing. The relevant amended language provides as follows:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for

---

[1] As set forth in the present petition, Davis is alleging that his protection against double jeopardy has been violated.

an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3).

Because the instant petition was improperly filed in this court as opposed to the Court of Appeals as required by 28 U.S.C. 2244(b)(3)(A), this Court lacks jurisdiction over it without the authorization of the Court of Appeals, and it will be transferred to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. 1631 for consideration as a successive petition.

An appropriate Order shall be entered.

ORDER

AND NOW, this 16th day of October 2014, for the reasons set forth in the foregoing

Memorandum, the instant petition is transferred forthwith to the United States Court of Appeals

for the Third Circuit pursuant to 28 U.S.C. § 1631 for consideration as a successive petition.

s/ Robert C. Mitchell,
United States Magistrate Judge